UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-22849-BB

ANDRES GOMEZ,

    Plaintiff,
v.

BL RESTAURANT OPERATIONS, LLC,

    Defendant.
_____/

## ANSWER OF DEFENDANT BL RESTAURANT OPERATIONS, LLC

Defendant, BL Restaurant Operations, LLC ("BL"), for its Answer to the Complaint of Plaintiff Andres Gomez, submits the foregoing admissions, defenses and denials:

1. Bar Louie admits that Plaintiff has brought this action pursuant to Title III of the Americans with Disabilities Act ("ADA") with respect to Bar Louie's website www.barlouie.com, and seeks a permanent injunction. Bar Louie denies the remaining allegations set forth in Paragraph 1 of the Complaint. Bar Louie further denies that Plaintiff has stated a claim for relief under the ADA or that Plaintiff is entitled to an injunction.

2. The allegations set forth in Paragraph 2 of the Complaint do not require a response from Bar Louie. To the extent a response is required, Bar Louie denies the allegations.

3. The allegations set forth in Paragraph 3 of the Complaint do not require a response from Bar Louie. To the extent a response is required, Bar Louie denies the allegations.

4. Bar Louie denies the allegations set forth in Paragraph 4 of the Complaint.

5. The allegations set forth in Paragraph 5 of the Complaint state a proposition of law to which no response is required. Bar Louie asserts that the ADA speaks for itself.

6. Bar Louie denies that the ADA requires the relief Plaintiff seeks and denies that Plaintiff is entitled to any relief.

7. Bar Louie admits the allegations set forth in Paragraph 7 of the Complaint.

8. Bar Louie admits that it does business in this judicial district. Bar Louie denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Bar Louie admits that venue is proper in this district. Bar Louie denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Bar Louie admits that Plaintiff seeks declaratory and injunctive relief. Bar Louie denies that Plaintiff is entitled to any relief.

11. The allegations set forth in Paragraph 11 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Bar Louie denies the allegations.

12. Bar Louie denies the allegations set forth in Paragraph 12 of the Complaint.

13. Bar Louie is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

14. Bar Louie admits that it is a for profit company doing business in this judicial district and that it has physical brick and mortar retail locations throughout the United States. Bar Louie further admits that it owns, operates and maintains a brick and mortar restaurant at 11745 Sherry Lane, Miami, FL 33183. Bar Louie denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Bar Louie admits that its restaurants offer goods and services to the public. Bar Louie denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. The allegations set forth in Paragraph 16 of the Complaint do not require a response. To the extent a response is required, Bar Louie denies the allegations.

17. Bar Louie admits that W3C has published WCAG 2.0AA, which provide guidelines for making websites accessible to individuals with disabilities. Bar Louie denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Bar Louie is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies the same.

19. Bar Louie admits the allegations set forth in Paragraph 19 of the Complaint.

20. Bar Louie denies the allegations set forth in Paragraph 20 of the Complaint.

21. Bar Louie denies the allegations set forth in Paragraph 21 of the Complaint.

22. Bar Louie denies the allegations set forth in Paragraph 22 of the Complaint.

23. Bar Louie denies the allegations set forth in Paragraph 23 of the Complaint.

24. Bar Louie denies the allegations set forth in Paragraph 24 of the Complaint.

25. Bar Louie denies the allegations set forth in Paragraph 25 of the Complaint.

26. Bar Louie denies the allegations set forth in Paragraph 26 of the Complaint.

27. Bar Louie denies the allegations set forth in Paragraph 27 of the Complaint.

28. Bar Louie denies the allegations set forth in Paragraph 28 of the Complaint.

29. Bar Louie denies the allegations set forth in Paragraph 29 of the Complaint.

30. Bar Louie denies the allegations set forth in Paragraph 30 of the Complaint.

31. Bar Louie is without knowledge sufficient to form a basis as to the truth of the allegations set forth in Paragraph 31 of the Complaint regarding his arrangement with his attorney and therefore denies the same. Bar Louie denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32. Bar Louie incorporates its responses to Paragraphs 1-31 of the Complaint.

33. The allegations set forth in Paragraph 33 of the Complaint set forth a proposition of law to which no response from Bar Louie is required.  Bar Louie asserts that the ADA speaks for itself.

34. The allegations set forth in Paragraph 34 of the Complaint are legal conclusions to which no response from Bar Louie is required.  To the extent a response is required, Bar Louie denies the allegations.

35. Bar Louie denies the allegations set forth in Paragraph 35 of the Complaint.

36. Bar Louie denies the allegations set forth in Paragraph 36 of the Complaint.

37. The allegations set forth in Paragraph 37 of the Complaint are legal conclusions to which no response from Bar Louie is required.  To the extent a response is required, Bar Louie denies the allegations.

38. Bar Louie denies the allegations set forth in Paragraph 38 of the Complaint.

39. The allegations set forth in Paragraph 39 of the Complaint set forth a proposition of law to which no response from Bar Louie is required.  To the extent a response is required, Bar Louie denies the allegations.

40. Bar Louie denies the allegations set forth in Paragraph 40 of the Complaint.

41. The allegations set forth in Paragraph 41 of the Complaint set forth a proposition of law to which no response from Bar Louie is required.  Bar Louie asserts that the ADA speaks for itself.

42. Bar Louie denies the allegations set forth in Paragraph 42 of the Complaint.

43. The allegations set forth in Paragraph 43 of the Complaint set forth a proposition of law to which no response from Bar Louie is required. Bar Louie asserts that the ADA speaks for itself.

44. Bar Louie denies the allegations set forth in Paragraph 44 of the Complaint.

45. Bar Louie denies the allegations set forth in Paragraph 45 of the Complaint.

46. Bar Louie denies that Plaintiff is entitled to any relief from Bar Louie.

47. Bar Louie incorporates its responses to Paragraphs 1-46 of the Complaint.

48. Bar Louie denies the allegations set forth in Paragraph 48 of the Complaint.

49. The allegations set forth in Paragraph 49 of the Complaint set forth a proposition of law to which no response from Bar Louie is required. Florida Statute § 760.02 speaks for itself.

50. The allegations set forth in Paragraph 50 of the Complaint set forth a proposition of law to which no response from Bar Louie is required. Florida Statute § 760.02 speaks for itself.

51. The allegations set forth in Paragraph 51 of the Complaint set forth a proposition of law to which no response from Bar Louie is required. To the extent a response is required, Bar Louie denies the allegations.

52. Bar Louie denies the allegations set forth in Paragraph 52 of the Complaint.

53. The allegations set forth in Paragraph 53 of the Complaint set forth a proposition of law to which no response from Bar Louie is required. Florida Statute § 760.02 speaks for itself.

54. Bar Louie denies the allegations set forth in Paragraph 54 of the Complaint.

55. Bar Louie denies the allegations set forth in Paragraph 55 of the Complaint.

56. Bar Louie denies the allegations set forth in Paragraph 56 of the Complaint.

57. Bar Louie denies the allegations set forth in Paragraph 57 of the Complaint. Bar Louie denies that Plaintiff is entitled to any relief from Bar Louie.

Any allegation not specifically admitted herein is denied.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Defendant asserts the following affirmative and other defenses to the Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Gomez, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## THIRD DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the causes of action are based on visits to the website at issue more than one or four years before the date the Complaint was filed.

## FOURTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the statutes alleged in the Complaint do not require accessibility to the website at issue and/or to all portions of the website at issue.

## FIFTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because, even if the statutes alleged in the Complaint require accessibility, the absence of any defined standards for website accessibility having the force of law (including the private industry Website Content Accessibility Guidelines cited in the Complaint) renders any determination of accessibility or

inaccessibility subject to standards that are impermissibly vague and ambiguous and in violation of due process.

### SIXTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the barrier removal Plaintiffs seek under the ADA or state law is not "readily achievable," easily accomplishable, or able to be carried out without causing Defendant undue hardship and/or fundamentally altering the nature of the website at issue.

### SEVENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent they rely on the contention that the website at issue was designed in violation of the ADA or state law, because the ADA, its implementing regulations, and state law do not address accessibility to websites.

### EIGHTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of federal, state and local law.

### NINTH DEFENSE

Plaintiff's damages, if any, are barred to the extent Plaintiffs have failed to mitigate or reasonably attempt to mitigate any damages.

### TENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Gomez never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Defendant's alleged failure to provide reasonable modifications or auxiliary aids or services.

## ELEVENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims are based.

## TWELFTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent Plaintiff's injury or injuries, if any, was or were caused by third parties acting outside the scope of agency, employment or control of Defendant.

## THIRTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent the operation of certain aspects of the websites at issue are subject to the control of third parties acting outside the scope of agency, employment or control of Defendant.

## FOURTEENTH DEFENSE

Plaintiff's claim for injunctive relief is barred to the extent Plaintiffs lack standing to seek or receive the injunctive relief sought in the Complaint.

## FIFTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## SIXTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Plaintiff's requested modifications of policies, practices and procedures are not necessary to Plaintiff's equal access to the portions of the websites at issue that operate as a place of public accommodation and/or are not reasonable modifications to Defendant's alleged policies, practices and procedures.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the websites at issue for their intended purpose.

### EIGHTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent all or certain portions of the website at issue are not a public accommodation or do not have a nexus to a place of public accommodation.

### NINETEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by Plaintiff's failure to states a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to states a date or dates on which Gomez allegedly encountered barriers on the website at issue, to identify specific portions of the website at issue at which barriers allegedly were encountered, and to identify specific barriers on the website at issue.

### TWENTIETH DEFENSE

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via alternative methods, but Gomez never asked for or sought any assistance.

### TWENTY-FIRST DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent that Plaintiff's claims are subject to the doctrines of res judicata and/or collateral estoppel based on Plaintiff's prior actions or litigation.

## TWENTY-SECOND DEFENSE

Plaintiff's claims fail to the extent they are brought pursuant to 28 CFR Part 36 as these regulations do not provide for a private right of action.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent they infringe on Defendant's First Amendment rights.

## TWENTY-FOURTH DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer and Defenses to assert additional defenses and/or affirmative defenses based upon information obtained during pretrial discovery.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Defendant its costs and attorneys' fees; and granting to Defendant such other relief as the Court may deem just and proper.

Dated: August 14, 2019

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*s/ Mike Ortiz*
Mike Ortiz
Florida Bar No. 116234
mike.ortiz@ogletreedeakins.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              *s/ Mike Ortiz*
                                              Mike Ortiz

## **SERVICE LIST**
*Andres Gomez v. BL Restaurant Operations, LLC*
*United States District Court, Southern District of Florida*
*Case No. 1:19-cv-22849-BB*

Alberto R. Leal, Esq.
al@thelealfirm.com
THE LEAL LAW FIRM, P.A.
9314 Forest Hill Boulevard, #62
Wellington, Florida  33411
Telephone: 561.237.2740

Douglas S. Schapiro, Esq.
schapiro@schapirolawgroup.com
THE SCHAPIRO LAW GROUP, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL  33433
Telephone: 561.807.7388

*Counsel for Plaintiff*

Method of Service: CM/ECF

Mike Ortiz
 mike.ortiz@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant*